**IN THE DISTRICT COURT FOR THE**
**DISTRICT OF RHODE ISLAND**

Richard Singleton,
Petitioner

Case No: 2001-97 L

vs.

UNITED STATES OF AMERICA,
Respondant

Motion to Vacate and Modify Sentence
Pursuant to Title 18 U.S.C. § 3582 (c) (2)
of the U.S. Sentencing Guidelines. Based
on the 2007 Guideline Amendment 706, which
caused a two level reduction for cocaine base offenses.

Comes Now, the Petitioner, Richard Singleton, acting on his own behalf and respectfully request this honorable court to use it's discretion and grant him the relief provided in the 2007 Guideline Amendment 706. Amendment 706 modified the drug quantity thresholds in the drug quantity table so as to assign, for Crack Cocaine (Cocaine Base) offenses, base offenses levels corresponding to Guideline ranges that include the statutory minimum penalties.

Accordingly, Pursuant to the Amendment, 5 grams of cocaine base are assigned a base offense level of 24 (51 to 63 months at criminal history category I, which includes the five year (60 month) statutory minimum for such offenses), and 50 grams of cocaine base are assigned a base offense level 30 (97 to 121 months at criminal history category I, which includes the ten year (120 month) statutory minimum for such offenses. The

The base offense levels for 5 grams and 50 grams of cocaine base were levels 26 and 32, respectively, before Amendment 706. Cocaine base offenses for quantities above and below the mandatory minimum threshold quantities similarly are adjusted downward by two levels.

Based on the following information, Petitioner qualifies for the two level reduction in his sentence and Respectfully Request that relief be granted:

## SUMMARY OF ARGUMENT

Petitioner, Richard Singleton, was sentenced on September 11, 2002, for a 21 U.S.C. 841 (A) (1) Distribution of a controlled substance (Cocaine Base), by this Honorable Court to a term of 120 months. At the time of sentencing your Honor Stated several important facts, 1.) That at the time of sentencing my age had played a factor in the structure of the sentence that was imposed. 2.) The fact that I had a drug & alcohol problem.[2] 3.) That you felt that the sentencing guidelines at the time were too harsh for the crime that was committed[2].

I contend that because of the recent changes to the U.S. Sentencing Guidelines, specifically Amendment 706, which allows for a downward redution of two levels for cocaine base offenses. This Honorable Court has been granted an opportunity to rectify what it felt was a too harsh of a sentence.

Since coming to prison I have done a lot of things to rehabilitate myself[3]. I took very seriously the opportunity that this Honorable Court bestowed on me. I have recently completed and passed the G.E.D. Exam. I have also completed a whole host of other programs that would allow me to reintergrate back into society successfully and allow me to reunite with my family.

I Respectfully Request that this Honorable court Grant me relief, by way of a two level reduction in the base offense level as pursuant to U.S. Sentencing Guidelines Amendment 706.

Respectfully

Richard Singleton

Footnotes:

[2]) Copy of attached pages of sentencing transcripts. pg,13-16 13 lines 23-25, pg, 14lines 1-25 pg, 15 lines 1-25 pg, 16 lines 1-16.

[3]) Copy of attached education transcripts.

guidelines, those are two separate drug convictions, and are to be considered that way for purposes of determining career offender status.

So he comes to this Court involved in a substantial sale of crack cocaine, and he has these two prior convictions, and under the law that makes him a career offender, and that puts him at a total offense level of 37, and under the law that makes his criminal history category 6, which is the top of the line in criminal history. In actual fact, his prior criminal history indicates that he should be in category 4. So that is the situation that I have to deal with in this particular case.

As indicated, that career offender status, even giving him three points down for acceptance of responsibility, creates a total offense level of 34, a criminal history category of 6, and the guideline range is 262 to 327 months of incarceration. 262 months of incarceration is 21 years and 10 months. Now this young man is 22 years of age, and really hasn't begun to deal with his life yet. He's had problems, and he's had a drug problem, and that's why he became a dealer, or middleman, to make money to satisfy a habit.

The Government concedes that I have the authority to depart downward in this case. It's a matter within my discretion. The reason I can depart downward is that the

criminal history category of 6 overrepresents the seriousness of defendant's criminal record, and is a recognized ground for departure. And in this case, it clearly overrepresents because under normal circumstances he would be no higher than a four, and maybe a four even overrepresents. So I have the authority to depart downward.

I've been sentencing people for over 34 years in both the Superior Court and here in this Federal Court. I have a sentencing policy that I've used over the years, and part of that sentencing policy is that an extremely long prison sentence for a youthful offender generally does not serve its purpose. It is better to give a shorter sentence and give the defendant an opportunity to rehabilitate himself. And rehabilitation can take place in prison. There are all sorts of programs, especially in federal prison. This young man needs an intensive drug treatment program so that he can get that monkey off his back for the rest of his life and be a productive member of our society. He has a family to think about, and now he has the incentive to do that. Also, he could be taught some skills that he can use to have real employment when he comes out of prison.

I don't like to play the numbers game with downward departures, assigning 2 points to this and 3 points to that, and so forth, and coming with a mechanical figure under the guidelines. The guidelines are mechanical enough without my

exacerbating that situation. So if I have the authority to depart downward, I have the authority to impose a reasonable sentence, as the Court of Appeals has said. A reasonable sentence in my view, in this situation, is the mandatory minimum sentence of 10 years, which the guidelines call for for this type of a crack offense. Ten years is a long time, but that's the best I can do in these circumstances. It's certainly a lot better than almost 22 years. And he can be out of prison by the time he's close to 30, because he'll get good time if he keeps his nose clean while he's in prison, and does the things that he's supposed to do, he can get as much as 15 percent off that sentence for good time. So it's really up to him. So, as I've indicated, he can do a lot for himself in prison. So that's the sentence I choose to impose.

There are two counts of conviction. The sentence that I impose is 120 months on each count, to be served concurrently. I recommend that, when appropriate, he be placed in the intensive drug treatment program while incarcerated. When his incarceration is concluded, he'll then be on supervised release for five years, five years on each count, to be served concurrently. He'll have the help of a probation counsellor to help him reacclimate himself to normal life, and to help him secure employment, and to utilize his abilities and skills to help his family and

himself.

I'm going to impose a condition on supervised release, and that is that he participate in a program approved by the U.S. Probation Department for substance abuse, which program may include testing to determine whether the defendant has reverted to the use of drugs or alcohol, so that we will have a hold on him for the next 15 years. And if he can't conquer his drug problem through these programs during that period, then he's lost. So you'll be at the crossroads in your life, Mr. Singleton. You keep going on the same road, you'll have a very short life, and most of it will be in prison. If you toe the line here, you'll have an opportunity to do something with your life and to be of some use to your family and to yourself. So from now on in, it's up to you. I've given you a big break today. I hope you realize it.

THE DEFENDANT: Yes, I have.

THE COURT: I have to impose a $200 special assessment, $100 on each count of conviction. So that's the sentence of the Court. Are there any questions?

MS. ROGERS: Again, I assume that there's no fine imposed?

THE COURT: No fine or restitution imposed in this case.

MR. D'AMICO: No questions, your Honor.