IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cr. No. 01-097L |
| | ) | |
| RICHARD SINGLETON | ) | |

**GOVERNMENT'S RESPONSE TO**
**DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE**
**PURSUANT TO 18 U.S.C. §3582(C)(2)**

## I. TRAVEL OF THE CASE

On September 26, 2001, a Federal Grand Jury, sitting in the District of Rhode Island, indicted the Defendant, Richard Singleton, along with Co-Defendant Sandii Fahnbulleh, on one count of conspiracy to distribute in excess of 50 grams of cocaine base (Count One) and one count of distributing 100.8 grams of cocaine base (Count Two), in violation of 21 U.S.C. §§841(a)(1), (b)(1)(A) & 846 and 18 U.S.C. §2. On May 2, 2002 the Defendant pled guilty to the Indictment pursuant to an agreement with the government. The Defendant filed a motion for a Downward Departure to which the government objected. On September 11, 2002, the Court considered the Defendant's motion for a downward departure and departed from a guideline range of 22 years, to the statutory mandatory minimum of 10 years. The Defendant was sentenced the same date, on Counts One and Two to the statutory mandatory minimum of one hundred twenty months, both sentences to run concurrently.

## II. ARGUMENT

In the Defendant, Richard Singleton's case, the guideline range for sentencing as

calculated by the United States Sentencing Guidelines (U.S.S.G.) was 262 months to 327 months. This was based upon the Defendant's offense level of 34 and a criminal history category of VI, as the Defendant qualified as a career offender. The Defendant's criminal history category would have calculated out to a category IV if the Defendant had not had two prior drug trafficking convictions. The Court, after hearing arguments from both parties concerning the Defendant's motion for a downward departure, departed downward and imposed the statutory mandatory minimum sentence of 10 years on each count and imposed the sentences to run concurrently. If the Court were to now apply the two level reduction, the Defendant would face a guideline range of 210 to 262 months, based upon his criminal history category of VI and offense level of 32. If the Court were to use its discretion and calculate the Defendant's sentence based upon a criminal history category of IV, the Defendant's guideline range would be 168 to 210 months. Both of these sentencing ranges are still higher than the sentence of 120 months already imposed by the Court.

A. The Defendant Is Not Eligible For A Further Reduction in His Sentence Because the Amendment Does Not Affect the Statutory Mandatory Minimum Sentences.

The Defendant seeks a reduction in his sentence based on 18 U.S.C. §3582(c)(2). Kimbrough v. United States, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007) and Gall v. United States, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007) have addressed the reduction of sentences based upon cocaine base or crack cocaine guidelines. Amendment 706 to the United States Sentencing Commission Guidelines reduced the base offense level listed on the drug quantity table set forth at U.S.S.G. § 2D1.1(c) for most cocaine base (crack) offenses. However, based upon the circumstances of this case, the Defendant is not eligible for a reduced sentence because the

statutory minimum penalty sets the floor for his sentence and that statute has not been changed.

Once a term of imprisonment has been imposed, the Court may not modify it except in very limited, specified circumstances. *See* 18 U.S.C. § 3582(c); Fed.R.Crim.P. 35. The circumstance at issue here arises under 18 U.S.C. § 3582(c)(2), which provides that:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The principal policy statement issued by the Sentencing Commission is U.S.S.G. §1B1.10(c), which lists the guideline amendments which may be applied retroactively pursuant to Section 3582(c)[1] and sets forth how such amendments are to be implemented in a concluded case.[2]

---

[1] The amendments that apply retroactively also are spelled out in Appendix C to the Sentencing Guidelines.

[2] Section 1B1.10 is based on 18 U.S.C. § 3582(c)(2), and also implements 28 U.S.C. § 994(u), which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."

A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c). *See, e.g., United States v. Perez*, 129 F.3d 255, 259 (2d Cir. 1997), *cert. denied*, 525 U.S. 953 (1998). *See also, e.g., United States v. McHan*, 386 F.3d 620, 622 (4th Cir. 2004); *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003); *United States v. Wyatt*, 115 F.3d 606, 608-09 (8th Cir. 1997); *United States v. Drath*, 89 F.3d 216, 218 (5th Cir. 1996); *United States v. Thompson*, 70 F.3d 279, 281 (3d Cir. 1995); *United States v. Dullen*, 15 F.3d 68, 70-71 (6th Cir. 1994); *United States v. Cueto*, 9 F.3d 1438, 1441 (9th Cir. 1993); *United States v. Avila*, 997 F.2d 767, 768 (10th Cir. 1993).

Amendment 706 became effective November 1, 2007.[3] On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in Section 1B1.10(c) which may be applied retroactively, effective March 3, 2008.

Amendment 706 generally reduced by two the offense levels applicable to crack cocaine offenses. The Commission determined that the two level reduction would ameliorate the problems it ascribes to the 100:1 ratio between quantities of cocaine and crack giving rise to statutory mandatory minimum penalties, while still respecting those statutory penalties by assigning base offense levels that correspond to guideline imprisonment ranges that include the statutory minimum imprisonment term. *See* U.S.S.G., Supplement to App. C, Amend. 706.[4] Before Amendment 706, base offense levels listed at U.S.S.G. § 2D1.1(c) for statutory threshold crack quantities called for guideline imprisonment ranges beginning just above the mandatory minimum term of imprisonment, assuming a criminal history category of I and no downward adjustments in reaching the total offense level. For example, 21 U.S.C. § 841(b)(1)(B) prescribes a statutory mandatory minimum sentence of five years imprisonment for distributing five or more grams of crack cocaine. Before the amendment, the corresponding base offense level was 26, which yielded a guideline imprisonment range of 63 - 78 months at criminal history category I. The revised guideline sets the corresponding base offense level at 24 and the

---

[3] Amendment 711, also effective November 1, 2007, made technical and conforming amendments to Amendment 706, and likewise was made retroactive (effective March 3, 2008).

[4] In a separate matter, the Supreme Court recently held in *Kimbrough v. United States*, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007) that district courts "may consider the Guidelines' treatment of crack and powder cocaine offenses" in deciding whether to vary from the advisory Guidelines range for crack offenders. However, that issue is not pertinent to this case, which involves only a § 3582(c)(2) reduction based on a specific guideline amendment.

imprisonment range at 51 - 63 months.

Also on December 11, 2007, the Commission issued a revised version of U.S.S.G. § 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c). Revised Section 1B1.10, which became effective on March 3, 2008, provides:

> (a) Authority. —
> (1) In General.— In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
> (2) Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
> (A) none of the amendments listed in subsection (c) is applicable to the defendant; or
> (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.
> (3) Limitation.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.
>
> (b) Determination of Reduction in Term of Imprisonment.—
> (1) In General.—In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.
> (2) Limitations and Prohibition on Extent of Reduction.—
> (A) In General.—Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18

> U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1).
> (B) Exception.—If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and United States v. Booker, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.
> (C) Prohibition.—In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

By their express terms, both 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.10 permit reduction of a Defendant's sentence only if the Defendant's guideline imprisonment range has been lowered by a subsequent guidelines amendment. While the Defendant's guideline imprisonment range was lowered, the applicable statutory minimum, upon which this Court based its sentencing decision, remains unchanged.

The Defendant was held accountable for 100.8 grams of cocaine base or crack cocaine, subjecting him to the statutory mandatory minimum term of imprisonment prescribed by 21 U.S.C. § 841(b)(1)(A). That statutory minimum term of imprisonment is the lowest sentencing imprisonment range that would otherwise have applied. Where a Defendant's guideline sentence is lower than the statutory minimum, the statutory minimum controls, pursuant to U.S.S.G. § 5G1.1(b). *See, e.g., United States v. Richardson*, — F.3d —, 2008 WL 398969 *8 (2nd Cir. Feb. 15, 2008). Section 5G1.1(b) provides that:

> Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.

The statutory minimum "subsumes and displaces the otherwise applicable guideline range." *United States v. Cordero*, 313 F.3d 161, 166 (3rd Cir. 2002), *cert. denied*, 538 U.S. 990 (2003).

The statutory minimum term of imprisonment remains the benchmark and reference point for the Defendant's sentence today. That statutory minimum has not been changed since the Defendant was originally sentenced. If the Court determined the guideline range "that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced," as instructed by U.S.S.G. § 1B1.10, the Defendant's sentence would still remain unchanged. The Defendant's guideline sentence still was determined by the statutory minimum term of imprisonment, per U.S.S.G. § 5G1.1(b), not by reference to the drug quantity table. Although the amendment to the drug quantity table did lower the Defendant's guideline sentence, the Defendant is not eligible for a sentence reduction because his guideline range is still above the sentence imposed by the Court which was the statutory mandatory minimum. *See United States v. Mueller*, 27 F.3d 494 (10th Cir. 1994). *See also United States v. Young*, 247 F.3d 1247, 1254 (D.C. Cir. 2001)(Section 3582(c) did not authorize a sentencing reduction when Defendant's offense level was calculated in a way unaffected by the guideline amendment); *United States v. Townsend*, 98 F.3d 510, 513 (9th Cir. 1996)(no reduction where amendment did. not affect Defendant's guideline range).

In *Mueller*, the Defendant pled guilty to distributing more than one gram of LSD, and thus was subject to a statutory minimum term of imprisonment of 60 months. 27 F.3d at 495. The government moved for a downward departure under U.S.S.G. § 5K1.1 and then under Fed.R.Crim.P. 35, and the defendant was sentenced to be imprisoned for 39 months. *Id.* When the guideline for determining the weight of LSD was changed, the defendant sought a reduced

sentence based on the new guideline. *Id.* The Court of Appeals affirmed the district court's conclusion that the defendant was not entitled to a reduction because he had been subject to the mandatory minimum sentence at the time of his sentencing, so his guideline sentence still would have been 60 months, not the 18 - 24 month range to which the otherwise applicable LSD guideline imprisonment term had bee reduced. *Id.* at 495-97.

The Defendant is simply not one "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," as is required by 18 U.S.C. § 3582(c) to be eligible for a reduction. As U.S.S.G. § 1B1.10(a)(2) spells out, since Amendment 706 did not have the effect of lowering the Defendant's guideline sentence, a reduction is not authorized.

## IV. CONCLUSION

For the foregoing reasons, the Defendant's motion for a reduced sentence must be denied.

Respectfully submitted,
UNITED STATES OF AMERICA,
By its Attorneys,
ROBERT CLARK CORRENTE
United States Attorney

/s/ MARY ROGERS
MARY ROGERS
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th Fl.
Providence, RI 02903
Tel (401)709-5000
Fax (401)709-5001
email: mary.rogers@usdoj.gov

CERTIFICATION OF SERVICE

On this 7th day of May, 2008, I caused the Government's Response to Defendant's Motion To Vacate and Modify Sentence Pursuant to 18 U.S.C. §3582(c)(2) to be filed electronically and it is available for viewing and downloading from the ECF system:

Notification by first class mail, postage prepaid to:

Richard Singleton, Pro-Se

Registration No. 05097-070

FCI FORT DIX
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 2000
FORT DIX, NJ 08640

/s/ MARY ROGERS
MARY ROGERS
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th Fl.
Providence, RI 02903
Tel (401)709-5000
Fax (401)709-5001
email: mary.rogers@usdoj.gov